UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NORTHEAST LANDSCAPE & MASONRY
ASSOCIATES, INC.,

                      Plaintiff,

    v.

STATE OF CONNECTICUT
DEPARTMENT OF LABOR, SHARON M.
PALMER, AND MARY M. TONER,

                      Defendants.

No. 14-CV-9104 (KMK)

OPINION AND ORDER

---

Appearances:

Saul D. Zabell, Esq.
Zabell & Associates, P.C.
Bohemia, NY
*Counsel for Plaintiff*

Richard T. Sponzo, Esq.
John S. Wright, Esq.
Office of the Attorney General for the State of Connecticut
New Britain, CT
*Counsel for Defendants*

KENNETH M. KARAS, District Judge:

      Plaintiff Northeast Landscape & Masonry Associates, Inc. ("Plaintiff") filed the instant Complaint against the State of Connecticut Department of Labor ("CTDOL"), CTDOL Commissioner Sharon M. Palmer ("Palmer"), and CTDOL employee Mary M. Toner ("Toner") (collectively "Defendants"), alleging that Defendants deprived Plaintiff of its rights and property without due process, in violation of the Fifth Amendment of the U.S. Constitution. Before the Court is Defendants' Motion To Dismiss Plaintiff's Complaint on a number of grounds,

including pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue.  For the following reasons, Defendants' Motion is granted in part.

## I.  Background

### A.  Factual Background

#### 1.  The Parties

The following facts are drawn from Plaintiff's Complaint and are taken as true for the purpose of resolving the instant Motion.  Plaintiff "is an active domestic business corporation operating in the County of Westchester, New York."  (Complaint ("Compl.") ¶ 6 (Dkt. No. 1).)  CTDOL is an executive agency in Connecticut responsible for "overseeing matters pertaining to workers and employers operating within the State of Connecticut."  (*Id.* ¶ 7.)  Palmer is the Commissioner of CTDOL, (*id.* ¶ 8), and Toner is a wage enforcement officer employed by CTDOL, (*id.* ¶ 9).

#### 2.  Plaintiff's Allegations

In August 2013, "Plaintiff was hired to perform general labor and masonry[-]related work on three [] projects located in the State of Connecticut."  (*Id.* ¶ 10.)  All three projects "are prevailing wage jobs[,]" (*id.* ¶ 14), for which Rizzo Corporation ("Rizzo") served as the general contractor, (*id.* ¶ 15).  On August 8, 2014, Toner informed Rizzo of an investigation by CTDOL to determine Plaintiff's compliance with Connecticut's prevailing wage law.  (*Id.* ¶ 16 (citing Conn. Gen. Stat. § 31-53(f)).)  The letter advised Rizzo "that until . . . CTDOL concludes its investigation, [Rizzo] should 'withhold any funds or retainage payable to' Plaintiff in connection with the projects."  (*Id.* ¶ 17.)  In response to an email from Plaintiff's counsel demanding "the release of any funds" and "an update on the status of [CTDOL's] investigation, (*id.* ¶ 18–19 (internal quotation marks omitted)), Toner "advised that a preliminary review of records received show[ed] violations[,]" though "no formal investigation had been conducted" as of October 1,

2014, (*id.* ¶ 20–21 (italics and internal quotation marks omitted)).  She further advised Plaintiff that Rizzo would continue to withhold the funds in dispute until CTDOL had completed its investigation but "did not provide any timetable for the conclusion of the investigation."  (*Id.* ¶ 23–24.)

Plaintiff alleges that "Defendants have failed to diligently undertake any investigation relating to purported violations of prevailing wage law[,]" (*id.* ¶ 30), thereby "depriv[ing] Plaintiff of rights and property for an *indeterminable* period of time into the future without any means of recourse," (*id.* ¶ 34).  Accordingly, Plaintiff specifically asks the Court to order "the immediate release of all funds subject to the CTDOL withholdings," (*id.* ¶ 39), and to issue a "declaratory judgment that Plaintiff fully complied with all Connecticut prevailing wage laws[,]" (*id.* ¶ 45(a)).

B.  Procedural History

Plaintiff filed the instant Complaint on November 11, 2014, seeking declaratory and injunctive relief.  (Dkt. No. 1.)  Pursuant to a scheduling order adopted at a pre-motion conference held before the Court on February 25, 2015, (Dkt. No. 22), Defendants filed their Motion To Dismiss and supporting papers on April 1, 2015, (Dkt. Nos. 23–24), Plaintiff filed its opposition papers on May 4, 2015, (Dkt. Nos. 25–26), and Defendants filed their reply on May 12, 2015, (Dkt. No. 27).

II.  Discussion

A.  Standard of Review

As noted above, Defendants have moved to dismiss the Complaint for a variety of reasons, including on both jurisdictional and substantive grounds.  Most significant to the Court are the arguments relating to (a) whether this Court may exercise personal jurisdiction over Defendants, and (b) whether the Southern District of New York is a proper venue in which this

Action may be heard. Although, "in general, the issue of jurisdiction should be resolved before venue," *Prospect Capital Corp. v. Bender*, No. 09-CV-826, 2009 WL 4907121, at *1 (S.D.N.Y. Dec. 21, 2009); *see also Leroy v. Great W. United Corp.,* 443 U.S. 179, 180 (1979), a court may nonetheless first address the issue of venue "when there are sound reasons for doing so," *Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y.1996); *see also Leroy*, 443 U.S. at 180 ("[W]hen there is a sound prudential justification for doing so, . . . a court may reverse the normal order of considering personal jurisdiction and venue."); *Henrich v. Field*, No. 05-CV-798, 2006 WL 2620043, at *3 n.5 (W.D.N.Y. Sept. 13, 2006) (choosing "not [to] reach the merits of Defendants' claim of lack of personal jurisdiction" where the court concluded venue was improper). Here, because venue is improper in this district with respect to all Defendants, this Court will not hear this case, regardless of whether it has personal jurisdiction over Defendants.

On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014) (internal quotation marks omitted); *see also Solow Bldg. Co. v. ATC Assocs., Inc.,* 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001) (same). "A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction." *Fedele*, 18 F. Supp. 3d at 316 (citing *Gulf Ins. Co. v. Glasbrenner,* 417 F.3d 353, 355 (2d Cir. 2005)). In analyzing a claim of improper venue, the court must view all facts in the light most favorable to the plaintiff. *Phillips v. Audio Active Ltd.,* 494 F.3d 378, 384 (2d Cir. 2007). Thus, a "[c]ourt must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Matera v. Native Eyewear, Inc.*, 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005) (internal quotation marks omitted).

The permissible venue in this Action is determined by the general venue provision for cases involving a federal question.  *See* 28 U.S.C. § 1391(b).  Under that statute, venue can be laid "in either (1) the district of the defendant's residence; (2) the district where 'a substantial part of the events giving rise to the claim occurred'; or (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction."  *Cooney v. Barry Sch. of Law*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014) (citing 28 U.S.C. § 1391(b)), *appeal dismissed* (Mar. 21, 2014).  "[W]hen a plaintiff relies on [§] 1391(b)(2) to defeat a venue challenge," a district court must engage in a two-step inquiry: first, "identify the nature of the claims and the alleged acts or omissions giving rise to the claims," and second, "determine whether a substantial part of the acts or omissions occurred in the district where the suit was filed."  *Fedele*, 18 F. Supp. 3d at 316 (citing *Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432 (2d Cir. 2005)).  For venue to be proper under § 1391(b)(2), "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  *Gulf Ins.,* 417 F.3d at 357 (emphasis in original); *see also Cottman Transmission Sys., Inc. v. Martino,* 36 F.3d 291, 294 (3d Cir. 1994) (noting that "the current statutory language still favors the defendant in a venue dispute by requiring that the events or omissions supporting a claim be 'substantial'").

"Substantiality for venue purposes is more a qualitative than a quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts."  *Daniel*, 428 F.3d at 432–33 (citation and internal quotation marks omitted).  Courts "are required to construe the venue statute strictly."  *Gulf Ins.*, 417 F.3d at 357 (citing *Olberding v. Ill. Cent. R.R.,* 346 U.S. 338, 340 (1953)).  Thus, "[i]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction

inquiries." *Id.* Rather, "[o]nly the events that directly give rise to a claim are relevant." *Fedele*, 18 F. Supp. 3d at 317 (internal quotation marks omitted) (quoting *Jenkins Brick, Co. v. Brenner,* 321 F.3d 1366, 1371 (11th Cir. 2003)). Certainly, "venue can be proper in more than one district; that is, venue is not restricted to the district with the 'most substantial' connection to the events or omissions related to a claim." *See Prospect Capital*, 2009 WL 4907121, at *3 (citing *Daniel*, 428 F.3d at 432). However, the "substantial events or omissions" test limits proper venue in order "to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Id.* (internal quotation marks omitted) (quoting *Daniel,* 428 F.3d at 432 (emphasis in original)).

Where venue is improper, a court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Fedele*, 18 F. Supp. 3d at 319 (internal quotation marks omitted); *see also Daniel*, 428 F.3d at 435 (noting that a court must decide whether to "simply affirm dismissal on these [improper venue] grounds or, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain"). Under 28 U.S.C. § 1406(a), a court has the discretion to cure a venue defect "in the interest of justice" by transferring case "to any district or division in which it could have been brought."

B. Venue

In the instant Action, Defendants argue for dismissal pursuant to Federal Rule 12(b)(3) on the basis that "[n]one of the requirements for venue in 28 U.S.C. § 1391 are met here." (Defs.' Mem. Of Law in Supp. of Mot. To Dismiss ("Defs.' Mem.") 5 (Dkt. No. 24).) Specifically, Defendants emphasize that "[t]he prevailing wage investigation and withholding of funds related thereto arose out of . . . projects in Danbury, Connecticut," such that "the entirety of the property subject to this action, . . . the funds withheld . . ., is located in the District of

6

Connecticut." (*Id.*) Plaintiff, on the other hand, asserts that venue is proper in the Southern District of New York under the provisions of § 1391(b)(2) because "Plaintiff's keeps time and payroll records . . . in the State of New York[,]" and these "record keeping practices and the information contained in Plaintiff's records . . . are the root of this controversy." (Pl.'s Mem. of Law in Opp'n to Defs.' Mot. To Dismiss ("Pl.'s Opp'n") 2 (Dkt. No. 26).) As noted above, Plaintiff bears the burden of showing that a substantial part of the events giving rise to its claims occurred in the Southern District of New York, *see Fedele*, 18 F. Supp. 3d at 316, but the Court "must accept the facts alleged in the [C]omplaint" as true, *Matera*, 355 F. Supp. 2d at 681. Following these guiding principles and analyzing the Complaint under the two-part test discussed above, *see Fedele*, 18 F. Supp. 3d at 316, the Court concludes the alleged facts are insufficient under § 1391(b)(2) to afford venue in the Southern District of New York.

### 1.  The Nature of the Claims and the Alleged Acts and Omissions

The Court's first task is to identify the nature of Plaintiff's claims and the alleged acts or omissions giving rise to those claims. *See Fedele*, 18 F. Supp. 2d at 316. Here, the relevant claim is the cause of action for a constitutional violation based on Defendants' prevailing wage investigation and related withholding of funds. (*See* Defs.' Mem. 6.) According to the Complaint, the acts constituting the alleged constitutional violation were Defendants' ongoing investigation and their withholding "from Plaintiff, funds due and owing in relation to projects [located in Connecticut.]" (Compl. ¶ 26.) The essence of the suit, therefore, is whether Defendants "deprived Plaintiff of their [sic] rights and property" without due process. (*Id.* ¶ 28.)

### 2.  Whether a Substantial Part of the Acts or Omissions occurred in the District

The second question to be addressed is whether the alleged acts of omissions occurred in this district. *See Fedele*, 18 F. Supp. 2d at 316. Plaintiff grounds its venue argument on the contention that its "record keeping practices and the information contained in Plaintiff's records

7

are *located in New York*." (Pl.'s Opp'n 2.)  Thus, Plaintiff argues that venue in this district is proper simply because Plaintiff's "time and payroll records . . . are maintained in the State of New York." (*Id.*)  However, the Second Circuit has made clear that the venue analysis "must focus on where the *defendant's* acts or omissions occurred." *Prospect Capital*, 2009 WL 4907121, at *3 (emphasis in original) (citing *Daniel,* 428 F.3d at 432); *see also Woodke v. Dahm,* 70 F.3d 983, 985–86 (8th Cir. 1995) (explaining that "by referring to 'events or omissions giving rise to the claim,' Congress meant to require courts to focus on relevant activities of the defendant, not of the plaintiff"); *Cold Spring Harbor Lab. v. Ropes & Gray LLP,* 762 F. Supp. 2d 543, 558 (E.D.N.Y. 2011) (reaffirming "the Second Circuit's directive that the venue analysis should focus on the relevant activities of the defendants"); 17 James Wm. Moore et al., *Moore's Federal Practice* ¶ 110.04[1] (3d ed. 2013) (stating that, when engaging in the substantiality analysis, courts "ought not focus solely on the matters that gave rise to the filing of the action, but rather should look at the entire progression of the underlying claim").  Plaintiff's conduct, even as "'a link in the chain of events,' simply does not constitute an event giving rise to" the claim that Defendants have arbitrarily withheld funds owed to Plaintiff.  *TSIG Consulting, Inc. v. ACP Consulting, LLC*, No. 14-CV-2032, 2014 WL 1386639, at *4 (S.D.N.Y. Apr. 9, 2014).  Accordingly, the Court must turn to the alleged acts and omissions of *Defendants* to determine whether venue in this district is proper.

Contrary to Plaintiff's conclusory assertions, (*see, e.g.,* Compl. ¶ 5; Pl.'s Mem. 2), the events giving rise to Plaintiff's claims all took place in the state of Connecticut.  While Plaintiff concedes that "the work on the project[s] was performed in Connecticut," (*id.*), it is far more relevant that Defendants' investigation and subsequent withholding of funds relating to these projects occurred in Connecticut, pursuant to Connecticut state law.  (*See* Defs.' Reply Mem. of Law in Supp. of Mot. To Dismiss ("Defs.' Reply") 2 (Dkt. No. 27).)  Plaintiff does not dispute

8

this. As Defendants correctly explain, Plaintiff's claim is, in actuality, "directed to [their] procedures for conducting their investigation" rather than "the merits of the prevailing wage violations." (*Id.*) Defendants further note that this "[A]ction focuses not on the location of [P]laintiff's own payroll records in New York but on [D]efendants' investigation resulting in withholding of funds, conducted in Connecticut." (*Id.*) Because § 1391(b) focuses on the activities of the defendants, *see I.M.D. USA, Inc. v. Shalit,* 92 F. Supp. 2d 315, 318 (S.D.N.Y. 2000); *see also Cold Spring Harbor,* 762 F. Supp. 2d at 558, the location of Plaintiff's records is not "sufficient to support venue because they do not concern the actions of [D]efendants that gave rise to the claims at issue," *TSIG Consulting*, 2014 WL 1386639, at *3. Therefore, it is clear that the "events and omissions giving rise to the claim" of a due process violation occurred in the District of Connecticut, *not* in the Southern District of New York. *See Daniel,* 428 F.3d at 432 (internal quotation marks omitted).[1]

It is worth noting that any financial burden felt by Plaintiff as a result of Defendants' investigation and withholding of funds fails to support venue in this district. "[W]hile the locus of the harm suffered is a factor to consider, the case law does not support the theory that venue is proper on an economic-effects inquiry alone . . . ." *Astor Holdings, Inc. v. Roski,* No. 01-CV-1905, 2002 WL 72936, at *9 (S.D.N.Y. Jan. 17, 2002). Simply put, "[a] plaintiff's economic harm felt in the original forum is not sufficient for a finding of proper venue under Section 1391(b)(2)." *Allstate Life Ins. Co. v. Stanley W. Burns, Inc.*, 80 F. Supp. 3d 870, 879 (N.D. Ill. 2015); *see also Golden Scorpio Corp. v. Steel Horse Bar & Grill*, 596 F. Supp. 2d 1282, 1287 n.4 (D. Ariz. 2009) (noting that "economic harm . . . is not a sufficient basis for conferring venue" under § 1391(b)(2)); *Fin. Mgmt. Serv., Inc. v. Coburn Supply Co, Inc.,* No. 02-CV-8928,

---

[1] Defendants, in fact, note that their "jurisdiction is limited to prevailing wage violations *in Connecticut*." (Defs.' Reply 3 (emphasis added).)

2003 WL 255232, at *2 (N.D. Ill. Feb. 5, 2003) (finding the plaintiff's economic harm that resulted in the original forum from the defendant's alleged actions insufficient to satisfy venue under § 1391(b)(2)). As discussed above, the acts of Defendants, not the activities of or harm to Plaintiff, determine where venue properly lies. *See Woodke*, 70 F.3d at 985–86 (rejecting the plaintiff's contention "that venue lies in the district of his residency because that is the location of the ultimate effect of [the defendants' actions]"). Thus, because Defendants did not commit any of the alleged acts or omissions underlying Plaintiff's constitutional claim in the Southern District of New York, and any relevant economic injury suffered by Plaintiff was tangential to that claim, venue is not proper in this district.

      C.  Transfer

Having concluded that venue is not proper in the Southern District of New York, the Court has discretion to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether a transfer is in the interests of justice depends upon "whether the plaintiff has been diligent in pursuing his [or her] claim, whether the opposing party would be unduly prejudiced by the transfer, and whether [the] plaintiff's reason for bringing the case in the wrong forum is analogous to an 'erroneous guess' about an 'elusive fact.'" *Gibbons v. Fronton,* 661 F. Supp. 2d 429, 436 (S.D.N.Y. 2009). In light of the following analysis, the Court finds that transfer to a proper venue is the appropriate course. *See Open Solutions Imaging Sys., Inc. v. Horn,* No. 03-CV-2077, 2004 WL 1683158, at *7 (D. Conn. July 27, 2004) ("[I]n most cases of improper venue the courts conclude that it is in the interest of justice to transfer . . . ."); *see also Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 172 (S.D.N.Y. 2009) (noting that "[d]ismissal is a severe penalty" (internal quotation marks omitted)).

First, the Court finds that Plaintiff has been diligent in pursuing its claim, which has been pending in this district for over a year. Plaintiff filed the instant Complaint in a timely fashion, albeit in the wrong forum. *See Gibbons,* 661 F. Supp. 2d at 436 (concluding that "the equities weigh in . . . favor" of transfer where the plaintiff "filed his claims in a timely fashion, but in the wrong forum"). Second, given that Defendants reside in Connecticut, they would not be prejudiced by transferring the case there. *See Loos v. Mitcheltree*, No. 13-CV-69, 2013 WL 3759957, at *3 (W.D.N.Y. July 15, 2013) (finding "transfer to this district [in which the defendants reside] would not be prejudicial"). Because they remain able to defend Plaintiff's claim on the merits, transfer will not automatically result in an adverse judgment against Defendants. *See id.* (finding "transfer is not unduly prejudicial" where "transfer will not automatically result in an adverse judgment against [the d]efendant"). Lastly, there are no allegations that Plaintiff exhibited any bad faith in bringing this Action in the Southern District of New York. *See Deskovic*, 673 F. Supp. 2d at 174–75 (finding "that it is in the interest of justice to transfer, rather than to dismiss, this case" where the "[p]laintiff has acted in good faith in all his pleadings"); *Pisani v. Diener*, No. 07-CV-5118, 2009 WL 749893, at *9 (E.D.N.Y. Mar. 17, 2009) (considering the absence of bad faith in transferring, rather than dismissing, plaintiff's case for improper venue).

Because Defendants are residents of Connecticut, venue is proper in the District of Connecticut, and, moreover, Defendants are subject to personal jurisdiction there. Accordingly, the Court will transfer this case to the District of Connecticut, a "district . . . in which it could have been brought." 28 U.S.C. § 1406(a).

### III. Conclusion

For the reasons stated above, the Court concludes that venue in this district is improper, but that the case should be transferred to the District of Connecticut. The Clerk of Court is respectfully requested to terminate the pending Motion, (Dkt. No. 23), and transfer the case to the District of Connecticut.

SO ORDERED.

DATED:     December 10, 2015
           White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE